*Joel L. Walker*, for appellant. *Sherman S. Rogers*, for respondent.

Present — E. D. SMITH, P. J., GILBERT and MERWIN, JJ.

Judgment affirmed.

---

HENRY J. SICKLES, APPELLANT, v. EUGENE SULLIVAN, RESPONDENT.

*Attachment — statement as to defendant's departure from the county — must not be on information and belief.*

APPEAL from a judgment of the Orleans County Court, reversing a judgment rendered by a justice of the peace in favor of the plaintiff, in an action in which an attachment was issued against the defendant, under 2 Revised Statutes, 230, sections 26–28 (Laws of 1831, chap. 300, § 35), on the ground that said defendant had departed from the county with intent to defraud his creditors.

The following is a copy of the affidavit on which the attachment was issued :

STATE OF NEW YORK, ⎱ ss. :
    COUNTY OF ORLEANS,   ⎰

Henry J. Sickles, of Albion, being duly sworn doth depose and say, that Eugene Sullivan is justly indebted to the deponent, on a demand arising upon contract, in the sum of $200, over and above all discounts which the said Eugene Sullivan may have against him, as near as can estimate the same ; and this deponent further says that he applies for an attachment upon the following facts and circumstances :

That on Monday last deponent, with Sullivan, at Lockport, called on Hon. James Jackson, canal commissioner, who paid Sullivan a claim he had against the State of about $600 by cash and a draft of $500 ; that Sullivan and deponent thereupon came back to Albion, and said Sullivan there promised that he would get the draft cashed the next day, and then he would pay deponent in full, and would call on him the next day ; that said Sullivan did not call on deponent the next day ; that deponent there-

upon, on Wednesday, called at Sullivan's house in Albion, and Sullivan was not there, and deponent could not find him.

And deponent further says that on Thursday last deponent went to Sullivan's house three times and could not find him ; he afterward found him walking on the railroad track in Albion, about eight o'clock P. M. Sullivan told deponent he had been at Rochester for two days past; that he would be at his house the next morning, and if deponent would come to his house in Albion between eight and nine o'clock A. M., he would certainly pay deponent in full his claim. Deponent called at his house at the time stated. Sullivan's wife told deponent Sullivan went away at seven o'clock A. M., with Mr. Bacon, of the Five Corners, in Gaines. Deponent then saw Sullivan's hired man, Cornelius Collins, who told deponent Sullivan had left for the Thousand Islands, in the St. Lawrence river, on the cars the night before, and deponent had learned at Bacon's shop, on inquiry, that Sullivan had not been with Bacon. Thereupon deponent called on Sullivan's wife and told her what Collins had said, and that Sullivan had not been with Bacon ; she said she did not believe he had gone, for he stayed at his house the three last nights. That thereupon deponent inquired of the sheriff of Orleans county for Sullivan, who informed deponent he had executions against him, and had searched for and tried to find him, and could not. That deponent has made diligent inquiry of Sullivan's brothers and a sister, who reside in Albion, to find Sullivan, and they could give deponent no information as to his whereabouts. That Sullivan has been a tenant of deponent for the last nine years in deponent's house in Albion. That on Friday night last, after midnight, as deponent is informed and believes, the said Sullivan and his family removed out of the said house, with the household goods, to parts unknown to deponent; that deponent knows they have removed out of his house, and deponent has learned that said Sullivan has absconded from the county of Orleans, with his family, to Canada, or Ireland, or elsewhere out of the said county, in a secret and clandestine manner, and, as deponent believes, with intent to defraud his creditors.

And deponent further says that the said Sullivan is, and has been for some time past, largely indebted in Orleans county, and

the judgments against him and executions in the hands of the sheriff of Orleans county, and supplementary proceedings have been instituted against him on judgments, and he has failed to appear to answer, as deponent is informed and believes; that just before Sullivan absconded he was in possession of personal property worth $8,000 or $10,000; that a short time ago he transferred to a young man by the name of Cunneen, a lawyer at Albion, by bill of sale, a span of horses and harness, a lumber wagon and sleigh, a buggy wagon, and all the household furniture, for the consideration expressed of one dollar, and that Sullivan's wife has been trying since to sell the same property, as deponent is informed and believes; that said property was transferred, as deponent believes, with intent to defraud his creditors. That Sullivan has not paid deponent said claim, or any part thereof; that said Sullivan has departed from said county, where he has lived, and has assigned and disposed of his property with intent, as deponent believes, from the foregoing facts, to defraud his creditors, and that this deponent will be in danger of losing his debt unless an attachment issue against said Sullivan.

H. J. SICKLES.

Subscribed and sworn before me }
  this 1st day of March, 1875. }

S. S. SPENCER, *Justice of the Peace.*

The court at General Term *held*, that the facts stated in the affidavit on which the attachment was applied for and issued, were sufficient to establish *prima facie* the fraudulent intent required by the statute, but that striking out the facts set forth therein on hearsay only, which were wholly inadmissible as evidence, there was a total defect of proof that the defendant had departed from the county — not a fact being sworn to positively to show such departure. The General Term *held*, that the justice did not, therefore, acquire jurisdiction to issue the attachment. (*Miller* v. *Brinkerhoff*, 4 Den., 120.)

*H. D. Tucker*, for appellant. *Jno. H. White*, for respondent.

Opinion by GILBERT, J.

Present — SMITH, P. J., GILBERT and MERWIN, JJ.

Judgment of County Court affirmed.